**SO ORDERED.**

**SIGNED this 30 day of August, 2011.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

EDWIN RIGOBERTO HERNANDEZ,   CASE NO. 11-03788-8-JRL
                              CHAPTER 7
    DEBTOR.

_____

**ORDER**

This matter came before the court on PHH Mortgage Corporation's ("PHH Mortgage") motion for relief from stay. A hearing was held on August 25, 2011 in Raleigh, North Carolina.

On May 16, 2011 Edwin R. Hernandez ("debtor") filed a voluntary petition under chapter 13 of the Bankruptcy Code. The debtor's case was later converted to chapter 7. PHH Mortgage filed a motion for relief from automatic stay on August 3, 2011. The debtor holds title to real property located in Wake County, Raleigh, North Carolina ("the property"). PHH Mortgage contends the debtor executed a promissory note secured by a deed of trust on the property in favor of PHH Mortgage. In addition, PHH Mortgage contends that insignificant equity exists in the property and the debtor has defaulted on his mortgage payments pursuant to the terms of the note. The promissory note and deed of trust attached to PHH Mortgage's motion state the lender is ERA Mortgage. Deborah C. Johnson, senior complex specialist for PHH Mortgage, testified

by affidavit that the promissory note concerning the debtor was assigned to Bishops Gate Residential Mortgage Trust.

The debtor argues PHH Mortgage lacks standing to seek relief from the automatic stay when PHH Mortgage is not a real party in interest.  Pursuant to 11 U.S.C. § 362(d) "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay[.]" The term "party in interest" is not defined in the Code.  "When interpreting the meaning of Code terms such as 'party in interest', [the court is] governed by the Code's purposes."  In re Comcoach Corp., 698 F.2d 571, 573 (2d. Cir. 1983) (citing Kokoszka v. Belford, 417 U.S. 642, 645-46, 94 S.Ct. 2431, 2433-34 (1974)).  Bankruptcy courts provide a forum for creditors and debtors to settle their disputes.  Id.  Therefore, PHH Mortgage "must be either a creditor or a debtor to invoke the court's jurisdiction."  Id.  The Code defines "creditor" as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor."  11 U.S.C. § 101(10)(A).

PHH Mortgage is not a party in interest since PHH Mortgage is neither a debtor nor creditor in this case.  Edwin Hernandez, not PHH Mortgage, is the debtor in this case.  PHH Mortgage is also not a creditor of the debtor because the promissory note and deed of trust at issue name ERA Mortgage, not PHH Mortgage, as the lender.  In addition, PHH Mortgage's interest in the note and deed of trust were assigned to Bishops Gate Residential Mortgage Trust. PHH Mortgage has failed to prove it is the debtor's creditor.  Therefore it is not a party in interest and lacks standing to seek relief from the automatic stay.

Based on the foregoing, the motion for relief from stay is **DENIED**.

**END OF DOCUMENT**